1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LEON E. MORRIS,

11           Plaintiff,                         No.  2:12-cv-1950 GGH P

12       vs.

13   K. TURNER, et al.,                         ORDER

14           Defendants.

15   _____/

16           Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has now requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20           Because, upon filing his complaint, plaintiff failed to submit either an affidavit in

21   support of a request to proceed in forma pauperis or the filing fee, see 28 U.S.C. §§ 1914(a),

22   1915(a), plaintiff was directed, by order, filed on August 15, 2012, to submit either the affidavit

23   or the filing fee, within thirty days.  On August 23, 2012, plaintiff submitted a declaration that

24   makes the showing required by 28 U.S.C. § 1915(a).  However, because upon review of the

25   complaint, the court finds it should be construed as a motion for leave to amend a prior ongoing

26   case, the court will not assess a separate filing fee in this matter.

1

1      The gravamen of the instant complaint appears to be that defendants Sergeant

2    Turner and Correctional Officer (C/O) G. Whitted, since 2009, have retaliated against him for

3    filing a number of 602 grievances as well as for writing the warden and Internal Affairs about

4    them.  He bases this allegation, at least in part, on having overheard one guard tell another

5    regarding plaintiff, in December of 2009, that defendants Turner and Whitted were after him

6    (plaintiff); on a verbal exchange in January of 2010, between himself and defendant Whitted,

7    who was evidently angry about plaintiff's 602's; on a correctional sergeant having told him, in

8    May of 2010, while he was interviewed for a grievance against them that they (Turner and

9    Whitted) would be after him for filing 602's against them.  Plaintiff claims that defendants Turner

10    and Whitted "got medical and mental health people to join them in their campaign of retaliation."

11    He claims that in December of 2009, Turner and Whitted got unnamed others to "stack a bunch

12    of 115's," a practice which plaintiff contends is counter to CDCR policy, with the result that his

13    coping devices, a radio and TV, were taken from him.  Plaintiff claims these devices help to

14    distract him when he is "in crisis and feeling suicidal."  Plaintiff also appears to be alleging that

15    defendants Drs. Sahota, Grubbs, Nguyen and Nanglama have subjected him to inadequate

16    medical care for/deliberate indifference to his mental illness and/or also acted in retaliation

17    against him out of fear of raising the ire of defendants Whitted and Turner.  See Complaint.

18        However, plaintiff has filed two earlier cases wherein similar allegations against

19    these (and other) defendants have been referenced.  The court takes judicial notice[1] of Case No.

20    2:12-cv-1202 MCE KJN P and Case No, 2:12-cv-1774 CMK P.  In Case No. 2:12-cv-1202

21    (docket # 1), plaintiff alleged that "the Drs. and guards show deliberate indifference to my

22    serious medical and mental health needs as well as retaliation for exercising my right to file 602

23    complaints."   In this complaint, plaintiff accused defendants Turner and Whitted of stacking

24

25       [1] A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370,
1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United
26    States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1   CDC 115's against him in violation of CDCR policy, as a result of which plaintiff lost his coping

2   devices.  He recounts therein the same allegation against defendants Whitted and Turner that he

3   reiterates in the instant complaint, that he overheard a guard named Andrade telling another that

4   "they," meaning Whitted and Turner, "were after him," meaning plaintiff.  He further alleges that

5   he used his TV and radio as coping devices to distract him from his suicidal tendencies and when

6   he told defendant Dr. Nguyen of having used the devices successfully in that regard, Nguyen was

7   pleased and told him to continue to use them as he been taught to do.  Thereafter, he claims that,

8   after he wrote a 602 appeal regarding the taking of his coping devices, he spoke twice to

9   defendants Drs. Grubbs and Nguyen, who ignored him.  On Feb. 1, 2010, he tried to hang

10  himself and was kept in a crisis bed for 18 days.  On Jan. 2, 2010, he began a protest hunger

11  strike and he made claims similar to the ones in this complaint that defendants Turner and

12  Whitted went to defendants Dr. Nanaglama and Dr. Sahota, who ordered his hunger strike

13  monitoring stopped on Jan. 23, 2010.  Plaintiff goes on to allege that Nanaglama retaliated for

14  filing a grievance against him, and the Drs. Sahota and Nanaglama lied to the federal receiver

15  (Kelso) about the treatment he was receiving.  See Case No. 2:12-cv-1202 (docket # 1).

16          In Case No. 2:12-cv-1202, the court found plaintiff's Eighth Amendment claim

17  against three defendants "potentially cognizable," including two named in the instant case,

18  defendants Nanaglama and Sahota.  Plaintiff was given leave to amend his retaliation claims

19  against these defendants as well as leave to amend his claims against, inter alia, defendants

20  Turner, Nguyen, and Whitted, but instead consented to the dismissal of these claims and

21  defendants without prejudice.  See Case No. 2:12-cv-1202 (docket # 7 & docket # 11).  Virtually

22  simultaneously, plaintiff filed the instant complaint.[2]

23

24      [2] Both the instant complaint and plaintiff's response to the order in Case No. 2:12-cv-
    1202, were docketed as filed on the same day, July 25, 2012, but, by application of the mailbox
    rule, it appears that the response in No. 2:12-cv-1202 to the order at docket # 7, was dated July
25  14, 2012 by plaintiff, while the complaint before this court was dated by plaintiff as filed on July
    16, 2012.  (Mailbox rule–pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379,
26  2385 (1988), pro se prisoner filing is dated from the date prisoner delivers it to prison authorities;

1    The Ninth Circuit has stated that in order to assess whether a "second action is

2 duplicative of the first, we examine whether the causes of action and relief sought, as well as the

3 parties or privies to the action, are the same." Adams v. California Dept. of Health Services, 487

4 F.3d 684, 689 (9th Cir. 2007)[internal citation omitted]; id., citing Serlin v. Arthur Andersen &

5 Company, 3. F.3d 221, 223  (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and

6 available relief do not significantly differ between the two actions" (omitting internal quotation

7 marks)).

8    It is apparent that these actions "share a common transactional nucleus of facts."

9 Adams, 487 F.3d at 689.  In Adams, the Ninth Circuit determined that even where the new

10 complaint named five new defendants, as they, inter alia, had "a close relationship" with the

11 defendants named in the earlier complaint, the second complaint was nonetheless duplicative.

12 Id., at 691.  In the instant complaint, plaintiff has named virtually the identical defendants as

13 named in the first complaint with the exception that he named several additional defendants in

14 the first complaint.  In both cases plaintiff alleges under the portion of his complaint entitled

15 "relief," that he wishes the case to be set for trial and seeks to be represented by "a qualified

16 attorney."  Complaint, p. 3; Case No. 12-cv-1202 (docket # 1), p. 8.

17    The court finds that the instant complaint is duplicative of the complaint filed in

18 Case No. 12-cv-1202 MCE KJN P, but rather than recommend its dismissal outright, the

19 undersigned will liberally find that it should be construed as a motion for leave to

20 amend/proposed amended complaint to be filed in Case No. 12-cv-1202 MCE KJN P.[3]

21 

22 Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir.  2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

23    [3] In Case No. 2:12-cv-1774, plaintiff brings his allegations against, inter alia, defendant
24 Turner, alleging as to this defendant that she gave him a second RVR 115, which plaintiff again claims this to be illegal stacking, which resulted in the deprivation of his coping devices (TV and radio) which, in turn, eventually led to his attempted suicide (six months later). See Case No.
25 2:12-cv-1774 (docket # 1).  At the time of this writing, no screening order has been filed with respect to this complaint.  But plaintiff should not be permitted to make duplicative allegations of
26 retaliation against this defendant in both that complaint and this one.

4

1         Accordingly, IT IS ORDERED that:

2         1.  The complaint in this action is construed as a motion for leave to

3 amend/proposed amended complaint to be filed by the Clerk of the Court in Case No. 12-cv-

4 1202 MCE KJN P; and

5         2.  The Clerk is to close this duplicative case.

6 DATED: September 19, 2012

7

8                        /s/ Gregory G. Hollows
               UNITED STATES MAGISTRATE JUDGE

9 GGH:009
morr1950.ord

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26