IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,

      Plaintiff,                    No.  2:12-cv-1950 GGH P

    vs.

K. TURNER, et al.,                  ORDER

      Defendants.

_____/

      Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has now requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Because, upon filing his complaint, plaintiff failed to submit either an affidavit in support of a request to proceed in forma pauperis or the filing fee, see 28 U.S.C. §§ 1914(a), 1915(a), plaintiff was directed, by order, filed on August 15, 2012, to submit either the affidavit or the filing fee, within thirty days.  On August 23, 2012, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  However, because upon review of the complaint, the court finds it should be construed as a motion for leave to amend a prior ongoing case, the court will not assess a separate filing fee in this matter.

1

The gravamen of the instant complaint appears to be that defendants Sergeant Turner and Correctional Officer (C/O) G. Whitted, since 2009, have retaliated against him for filing a number of 602 grievances as well as for writing the warden and Internal Affairs about them.  He bases this allegation, at least in part, on having overheard one guard tell another regarding plaintiff, in December of 2009, that defendants Turner and Whitted were after him (plaintiff); on a verbal exchange in January of 2010, between himself and defendant Whitted, who was evidently angry about plaintiff's 602's; on a correctional sergeant having told him, in May of 2010, while he was interviewed for a grievance against them that they (Turner and Whitted) would be after him for filing 602's against them.  Plaintiff claims that defendants Turner and Whitted "got medical and mental health people to join them in their campaign of retaliation." He claims that in December of 2009, Turner and Whitted got unnamed others to "stack a bunch of 115's," a practice which plaintiff contends is counter to CDCR policy, with the result that his coping devices, a radio and TV, were taken from him.  Plaintiff claims these devices help to distract him when he is "in crisis and feeling suicidal."  Plaintiff also appears to be alleging that defendants Drs. Sahota, Grubbs, Nguyen and Nanglama have subjected him to inadequate medical care for/deliberate indifference to his mental illness and/or also acted in retaliation against him out of fear of raising the ire of defendants Whitted and Turner.  See Complaint.

However, plaintiff has filed two earlier cases wherein similar allegations against these (and other) defendants have been referenced.  The court takes judicial notice[1] of Case No. 2:12-cv-1202 MCE KJN P and Case No, 2:12-cv-1774 CMK P.  In Case No. 2:12-cv-1202 (docket # 1), plaintiff alleged that "the Drs. and guards show deliberate indifference to my serious medical and mental health needs as well as retaliation for exercising my right to file 602 complaints."  In this complaint, plaintiff accused defendants Turner and Whitted of stacking

---

[1] A court may take judicial notice of court records.  See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

CDC 115's against him in violation of CDCR policy, as a result of which plaintiff lost his coping devices.  He recounts therein the same allegation against defendants Whitted and Turner that he reiterates in the instant complaint, that he overheard a guard named Andrade telling another that "they," meaning Whitted and Turner, "were after him," meaning plaintiff.  He further alleges that he used his TV and radio as coping devices to distract him from his suicidal tendencies and when he told defendant Dr. Nguyen of having used the devices successfully in that regard, Nguyen was pleased and told him to continue to use them as he been taught to do.  Thereafter, he claims that, after he wrote a 602 appeal regarding the taking of his coping devices, he spoke twice to defendants Drs. Grubbs and Nguyen, who ignored him.  On Feb. 1, 2010, he tried to hang himself and was kept in a crisis bed for 18 days.  On Jan. 2, 2010, he began a protest hunger strike and he made claims similar to the ones in this complaint that defendants Turner and Whitted went to defendants Dr. Nanaglama and Dr. Sahota, who ordered his hunger strike monitoring stopped on Jan. 23, 2010.  Plaintiff goes on to allege that Nanaglama retaliated for filing a grievance against him, and the Drs. Sahota and Nanaglama lied to the federal receiver (Kelso) about the treatment he was receiving.  See Case No. 2:12-cv-1202 (docket # 1).

   In Case No. 2:12-cv-1202, the court found plaintiff's Eighth Amendment claim against three defendants "potentially cognizable," including two named in the instant case, defendants Nanaglama and Sahota.  Plaintiff was given leave to amend his retaliation claims against these defendants as well as leave to amend his claims against, inter alia, defendants Turner, Nguyen, and Whitted, but instead consented to the dismissal of these claims and defendants without prejudice.  See Case No. 2:12-cv-1202 (docket # 7 & docket # 11).  Virtually simultaneously, plaintiff filed the instant complaint.[2]

---

[2] Both the instant complaint and plaintiff's response to the order in Case No. 2:12-cv-1202, were docketed as filed on the same day, July 25, 2012, but, by application of the mailbox rule, it appears that the response in No. 2:12-cv-1202 to the order at docket # 7, was dated July 14, 2012 by plaintiff, while the complaint before this court was dated by plaintiff as filed on July 16, 2012.  (Mailbox rule–pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988), pro se prisoner filing is dated from the date prisoner delivers it to prison authorities;

3

The Ninth Circuit has stated that in order to assess whether a "second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. California Dept. of Health Services, 487 F.3d 684, 689 (9th Cir. 2007)[internal citation omitted]; id., citing Serlin v. Arthur Andersen & Company, 3. F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions" (omitting internal quotation marks)).

It is apparent that these actions "share a common transactional nucleus of facts." Adams, 487 F.3d at 689. In Adams, the Ninth Circuit determined that even where the new complaint named five new defendants, as they, inter alia, had "a close relationship" with the defendants named in the earlier complaint, the second complaint was nonetheless duplicative. Id., at 691. In the instant complaint, plaintiff has named virtually the identical defendants as named in the first complaint with the exception that he named several additional defendants in the first complaint. In both cases plaintiff alleges under the portion of his complaint entitled "relief," that he wishes the case to be set for trial and seeks to be represented by "a qualified attorney." Complaint, p. 3; Case No. 12-cv-1202 (docket # 1), p. 8.

The court finds that the instant complaint is duplicative of the complaint filed in Case No. 12-cv-1202 MCE KJN P, but rather than recommend its dismissal outright, the undersigned will liberally find that it should be construed as a motion for leave to amend/proposed amended complaint to be filed in Case No. 12-cv-1202 MCE KJN P.[3]

---

Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

[3] In Case No. 2:12-cv-1774, plaintiff brings his allegations against, inter alia, defendant Turner, alleging as to this defendant that she gave him a second RVR 115, which plaintiff again claims this to be illegal stacking, which resulted in the deprivation of his coping devices (TV and radio) which, in turn, eventually led to his attempted suicide (six months later). See Case No. 2:12-cv-1774 (docket # 1). At the time of this writing, no screening order has been filed with respect to this complaint. But plaintiff should not be permitted to make duplicative allegations of retaliation against this defendant in both that complaint and this one.

4

Accordingly, IT IS ORDERED that:

1. The complaint in this action is construed as a motion for leave to amend/proposed amended complaint to be filed by the Clerk of the Court in Case No. 12-cv-1202 MCE KJN P; and

2. The Clerk is to close this duplicative case.

DATED: September 19, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
morr1950.ord