IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,

    Plaintiff,     No. 2:12-cv-1950 WBS AC P

  vs.

K. TURNER, et al.,     ORDER

    Defendants.

_____/

    Pending before the court is plaintiff's motion for reconsideration in this prisoner civil rights case brought pursuant to 42 U.S.C. § 1983. ECF No. 10. The instant motion is plaintiff's second attack on Magistrate Judge Hollows's September 19, 2012 Order dismissing the case as duplicative. ECF No. 5.

    In that Order, the magistrate judge construed the complaint as a motion for leave to amend/proposed amended complaint in pending Case No. 12-cv-1202 MCE KJN P. After detailing similarities in the named defendants and allegations of the complaint in Case No. 12-cv-1202 MCE KJN P and the instant complaint (and noting that plaintiff had previously filed yet another case, Case No. 2:12-cv-1774 CMK P, presenting related allegations), Magistrate Judge Hollows explained:

    The Ninth Circuit has stated that in order to assess whether a

1

> "second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. California Dept. of Health Services, 487 F.3d 684, 689 (9th Cir. 2007)[internal citation omitted]; id., citing Serlin v. Arthur Andersen & Company, 3. F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions" (omitting internal quotation marks)).
>
> It is apparent that these actions "share a common transactional nucleus of facts." Adams, 487 F.3d at 689. In Adams, the Ninth Circuit determined that even where the new complaint named five new defendants, as they, inter alia, had "a close relationship" with the defendants named in the earlier complaint, the second complaint was nonetheless duplicative. Id., at 691. In the instant complaint, plaintiff has named virtually the identical defendants as named in the first complaint with the exception that he named several additional defendants in the first complaint. In both cases plaintiff alleges under the portion of his complaint entitled "relief," that he wishes the case to be set for trial and seeks to be represented by "a qualified attorney." Complaint, p. 3; Case No. 12-cv-1202 (docket # 1), p. 8.

ECF No. 5, p. 4.

Accordingly, Magistrate Judge Hollows directed the Clerk of the Court to file the instant complaint as a motion for leave to amend in 12-cv-1202 and to close this duplicative case.

On September 25, 2012, plaintiff directed a letter to Magistrate Judge Hollows which was construed as a motion for reconsideration. Upon reconsideration, this court affirmed Judge Hollows' order. ECF No. 9. Nevertheless, plaintiff filed the instant request for reconsideration of the magistrate judge's ruling, claiming that his previous letter should not have been construed as a motion for reconsideration but was simply a letter. ECF No. 10. The instant request amounts to a duplicative motion for reconsideration because this court has previously reconsidered the magistrate judge's ruling of September 19, 2012 and affirmed it. To the extent plaintiff intends his motion to be a request for the district court to reconsider its order of November 9, 2012, plaintiff fares no better.

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981),

considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j)(3) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

        Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."  Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.

        Under Rule 60(b), a party may move for relief from judgment on the following grounds: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged... or (6) any other reason that justifies relief."

        "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  Marlyn Nutraceuticals,

Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations and citations omitted).  In seeking reconsideration, a party "must show more than a disagreement with the Court's decision," and recapitulating arguments the court has previously considered "fails to carry the moving party's burden)." United States v. Westlands Water District, 134 F. Supp. 2d 1111, 1131 (E.D. Cal.2001) (internal quotation/citation omitted).

      Plaintiff's motion for reconsideration rehashes the arguments in his earlier letter seeking to reopen this case, and goes on to complain that he had been confused by his options following screening in Case No. 2:12-cv-1202 MCE KJN P.  Rather than amending the complaint in that case, he elected to proceed against the defendants remaining after screening and filed a new complaint with respect to the dismissed claims, which initiated the instant action. Plaintiff disagrees with this court's previous ruling that plaintiff's letter seeking to reopen the instant action "amounts to no more than an attempt to relitigate plaintiff's complaint . . ." in Case No. 2:12-cv-1202 MCE KJN P.   ECF No. 10.

      Following dismissal of the instant case, plaintiff was given the opportunity in Case No. 2:12-cv-1202 to file a second amended complaint encompassing all of his claims from both actions. ECF No. 21 in Case No.  2:12-cv-1202.  In addition to finding that plaintiff has not presented any basis for this court to revisit its earlier ruling, the undersigned finds that plaintiff could not have been prejudiced by not having been allowed to proceed separately in a largely duplicative action in this case.

      Therefore, IT IS HEREBY ORDERED that, upon reconsideration (see ECF No. 10), this court's order of November 9, 2012 (ECF No. 9) is affirmed.

DATED:   April 29, 2013

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4